AO 106 (Rev. 04/010) Application for Search Warrant          AUTHORIZED AND APPROVED/DATE:   /s/ Corbin Houston, 10/21/22

# UNITED STATES DISTRICT COURT
for the
_____WESTERN_____ DISTRICT OF _____OKLAHOMA_____

In the Matter of the Search of )
)
Samsung Galaxy SM-G973U1 cell phone, ) Case No: MJ-22-772-STE
with serial number RF8RB0R24TY )
)

## APPLICATION FOR SEARCH WARRANT

I, a federal law enforcement officer or attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following Property:

See Attachment A, which is attached and incorporated by reference.

Located in the Western District of Oklahoma, there is now concealed:

See Attachment B, which is attached and incorporated by reference.

The basis for the search under Fed. R. Crim.P.41(c) is (*check one or more*):
- ☒ evidence of the crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

*Code Section*          *Offense Description*
18 U.S.C. 2252A         Possession of Child Pornography

The application is based on these facts:

See attached Affidavit of Special Agent Abraham Schenk, which is incorporated by reference herein.
- ☒ Continued on the attached sheet(s).
- ☐ Delayed notice of [No. of Days]  days *(give exact ending date if more than 30 days)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet(s).

*Applicant's signature*

DAVID GARRISON
Special Agent
Federal Bureau of Investigation

Sworn to before me and signed in my presence.

Date: _____Oct 21, 2022_____

*Judge's signature*

City and State: ███████████████
**Lawton, OK**

Shon T. Erwin, U.S. Magistrate Judge
*Printed name and title*

# THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, David A. Garrison, a Special Agent with the Federal Bureau of Investigations (FBI), being duly sworn, depose and state as follows:

## INTRODUCTION

1.  I have been employed as a Special Agent (SA) with the FBI since June 2005, and I am currently assigned to the Oklahoma City Field Office. Since joining the FBI, I have been involved in investigations of child exploitation matters and computer crimes against children. I currently investigate violations of federal law involving the exploitation of children. I have gained expertise in the conduct of such investigations through training in seminars, classes, and everyday work related to conducting these types of investigations in my current role as an SA with the FBI.

2.  As a federal agent, I am authorized to investigate violations of United States laws and to execute warrants issued under the authority of the United States.

3.  I am investigating the online activities of Samuel Ferreris (Ferreris). There is probable cause to believe that Ferreris has attempted to receive, possess and distribute child pornography, in violation of 18 U.S.C. § 2252A. I submit this Application and Affidavit in support of a search warrant authorizing a search of a Samsung Galaxy SM-G973U1 cell phone, with serial number RF8RB0R24TY (herein after referred to as "THE DEVICE"), which Ferreris admitted to possessing during an interview with U.S. Probation and Parole officers, and which was seized incident to his arrest on October 14, 2022, as

further described in Attachment A. Located within THE DEVICE to be searched, I seek to seize evidence, fruits, and instrumentalities of the foregoing criminal violation, where the items specified in Attachment B may be found, and to seize all items listed in Attachment B as instrumentalities, fruits, and evidence of a crime.

4.      The statements in this Affidavit are based on my own investigation of this matter and statements and reports generated by other law enforcement officers. Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A are presently located within THE DEVICE.

## **DEFINITIONS**

5.      The following definitions apply to this Affidavit and Attachment B:

a. "Child Erotica" means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not necessarily, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions.

b. "Child Pornography" includes any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct; (b) the visual depiction was a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct; or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct.

   c. "Computer" refers to "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device."  *See* 18 U.S.C. § 1030(e)(1).

   d. "Minor" means any person under the age of 18 years.

   e. "Sexually explicit conduct" applies to visual depictions that involve the use of a minor, *see* 18 U.S.C. § 2256(8)(A), or that have been created, adapted, or modified to appear to depict an identifiable minor, *see* 18 U.S.C. § 2256(8)(C).  In those contexts, the term refers to actual or simulated (a) sexual intercourse (including genital-genital, oral-genital, or oral-anal), whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic areas of any person.  *See* 18 U.S.C. § 2256(2)(A).

   f. "Visual depictions" include undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image.  *See* 18 U.S.C. § 2256(5).

   g. The terms "records," "documents," and "materials" include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including, but not limited to, writings, drawings, painting), photographic form (including, but not limited to, microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies); mechanical form (including, but not limited to, phonograph records, printing, typing); or electrical, electronic or magnetic form (including, but not limited to, tape recordings, cassettes, compact discs, electronic or magnetic storage devices).

## BACKGROUND ON COMPUTERS AND CHILD PORNOGRAPHY

6. Based on my knowledge, training, and experience in child investigations, and the experience and training of other law enforcement officers with whom I have had discussions, computers, computer technology, and the Internet have revolutionized the manner in which child pornography is produced and distributed.

7. Computers basically serve four functions in connection with child pornography: production, communication, distribution, and storage.

8. Child pornographers can transpose photographic images from a camera into a computer-readable format with a scanner. With digital cameras, the images can be transferred directly onto a computer. A modem allows any computer to connect to another computer through the use of telephone, cable, or wireless connection. Through the Internet, electronic contact can be made to millions of computers around the world.

9. The computer's ability to store images in digital form makes the computer itself an ideal repository for child pornography. The size of the electronic storage media used in home computers has grown tremendously within the last several years. These drives can store thousands of images at very high resolution.

10. The Internet affords collectors of child pornography several different venues for obtaining, viewing and trading child pornography in a secure and anonymous fashion.

11. Collectors and distributors of child pornography also use online resources to retrieve and store child pornography, including services offered by Internet Portals such as Yahoo! and Hotmail. These online services allow a user to set up an account with a remote computing service that provides e-mail services as well as electronic storage of computer

files in a variety of formats. A user can set up an online storage account from any computer with access to the Internet. Evidence of such online storage of child pornography is often found on the user's computer. Even in cases where online storage is used, however, evidence of child pornography can be found on the user's computer in most cases.

12. As with most digital technology, communications made from a computer are often saved or stored on that computer. Storing this information can be intentional, for example, by saving an e-mail as a file on the computer or saving the location of one's favorite websites in "bookmarked" files. Digital information can also be retained unintentionally. Traces of the path of an electronic communication may be automatically stored in many places. In addition to electronic communications, a computer user's Internet activities generally leave traces in a computer's web cache and Internet history files. A forensic examiner often can recover evidence that shows whether a computer contains peer-to-peer software, when the computer was sharing files, and some of the files that were uploaded or downloaded. Such information is often maintained indefinitely until overwritten by other data. Likewise, devices such as cellular telephones, tablets, and e-readers are also capable of electronic storage as computers.

## BACKGROUND OF THE INVESTIGATION

13. On October 14, 2022, Ferreris reported to the U.S. Probation Office in Oklahoma City, Oklahoma. He was originally convicted in the Middle District of Florida in October of 2012 for Distribution of Child Pornography. He reported in order to bring an unopened, factory new, mobile cell phone that was to be inspected and set up for monitoring by the probation officer.

14. Per U.S. Probation procedures related to building security, Ferreris entered the building through a security checkpoint. The probation officer met Ferreris while he was waiting to be escorted to the probation office with his current cell phone and the new cell phone. The court security officers advised the probation officer of an additional cell phone (THE DEVICE) brought to the building but not currently in his possession.

15. Two probation officers questioned Ferreris about THE DEVICE, and he admitted to being in possession of it for about a year. Additionally, he admitted to using THE DEVICE to both receiving and transmitting child pornography using the Telegram application. Subsequently, one of the probation officers opened THE DEVICE and searched the Gallery section which contained, in part, the following:

a. Video – 8:43 in duration, shows two juvenile males (between 10-12 years old) fully nude engaging in anal sexual intercourse with the erect penis' of both visible. Additionally, one of the juvenile males is performing oral sex on the other.

b. Video – 58:6 in duration, shows two juvenile boys (between 8-10 years old) performing oral sex on each other and masturbating.

c. Video – 3:54 in duration, shows three juvenile males (between 6-8 years old) engaging in oral sex and anal intercourse with each other.

16. The probation officer also reviewed the Telegram application on THE DEVICE. On October 14, 2022 between 12:03 and 12:23 a.m., messages were shared between Ferreris and other users including, "Send me boys 100 video" and "Send 100 cute boys videos." Subsequently, at 12:23 a.m. two video clips were received depicting anal intercourse between juvenile males around 10-12 years of age.

## **CHILD PORNOGRAPHY COLLECTOR CHARACTERISTICS**

17. The following indicates characteristics of child pornography collectors that I have learned through training, working multiple investigations involving child pornography, and from other law enforcement officers:

a. The majority of individuals who collect child pornography are persons who have a sexual attraction to children. They receive sexual gratification and satisfaction from sexual fantasies fueled by depictions of children that are sexual in nature.

b. The majority of individuals who collect child pornography collect sexually explicit materials, which may consist of photographs, magazines, motion pictures, video tapes, books, slides, computer graphics or digital or other images for their own sexual gratification. The majority of these individuals also collect child erotica, which may consist of images or text that do not rise to the level of child pornography but which nonetheless fuel their deviant sexual fantasies involving children.

c. The majority of individuals who collect child pornography often seek out like-minded individuals, either in person or on the Internet, to share information and trade depictions of child pornography and child erotica as a means of gaining status, trust, acceptance and support. The different Internet-based vehicles used by such individuals to communicate with each other include, but are not limited to, P2P, e-mail, e-mail groups, bulletin boards, IRC, newsgroups, instant messaging, and other similar vehicles.

d. The majority of individuals who collect child pornography maintain books, magazines, newspapers and other writings on the subject of sexual activities with children as a way of understanding their own feelings toward children, justifying those

feelings, and finding comfort for their illicit behavior and desires. Such individuals rarely destroy these materials because of the psychological support they provide.

e. The majority of individuals who collect child pornography often collect, read, copy or maintain names, addresses (including e-mail addresses), phone numbers, or lists of persons who have advertised or otherwise made known in publications and on the Internet that they have similar sexual interests. These contacts are maintained as a means of personal referral, exchange or commercial profit. These names may be maintained in the original medium from which they were derived, in telephone books or notebooks, on computer storage devices, or merely on scraps of paper.

f. The majority of individuals who collect child pornography rarely, if ever, dispose of their sexually explicit materials and may go to great lengths to conceal and protect from discovery, theft, and damage their collections. They almost always maintain their collections in the privacy and security of their homes or other secure location.

g. Based upon the information I have at this time, the individual who goes by "Richd1150" on the network fits the profile of an individual who collects child pornography and therefore is likely to maintain, and even increase, his collection. Like other collectors of child pornography, "Richd1150" sought out like-minded individuals interested in trading child pornography on this P2P program.

h. The very nature of this specialized P2P software program is to share files in an attempt to increase a user's collection of files. The software is only successful if the users are sharing their collections so that each user can obtain copies of images and make available their images, and so that all users benefit and increase their collection of images.

## CONCLUSION

18. Based on the aforementioned factual information, I submit that there is probable cause to believe that Samuel Ferreris is involved in the possession, receipt, and distribution of child pornography, in violation of Title 18 U.S.C. § 2252A. Additionally, I submit that there is probable cause to believe that evidence of that criminal offense is located on THE DEVICE, and that this evidence, listed in Attachment B to this Affidavit, is contraband, the fruits of crime, or things otherwise criminally possessed, or property which is or has been used as the means of committing the foregoing offenses.

19. I respectfully request that the attached warrant be issued authorizing the search and seizure of the items listed in Attachment B.

DAVID A GARRISON
Special Agent
Federal Bureau of Investigation

**SUBSCRIBED AND SWORN** to before me this 21st day of October, 2022.

SHON T. ERWIN
United States Magistrate Judge

## ATTACHMENT A

## **PROPERTY TO BE SEARCHED**

This warrant seeks to search a Samsung Galaxy SM-G973U1 cell phone, with serial number RF8RB0R24TY.



## ATTACHMENT B

## LIST OF ITEMS TO BE SEIZED

1. Any and all notes, documents, records, or correspondence, in any format and medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and handwritten notes) pertaining to the possession, receipt, or distribution of child pornography as defined in 18 U.S.C. § 2256(8) or to the possession, receipt, or distribution of visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2).

2. In any format and medium, all originals, computer files, copies, and negatives of child pornography as defined in 18 U.S.C. § 2256(8), visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2), or child erotica.

3. Any and all diaries, address books, names, and lists of names and addresses of individuals who may have been contacted by the operator of the computer or by other means for the purpose of distributing or receiving child pornography as defined in 18 U.S.C. § 2256(8) or visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2).

4. Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and handwritten notes), identifying persons transmitting, through interstate or foreign commerce by any means, including, but not limited to, by the United States Mail or by computer, any child pornography as defined in 18 U.S.C. § 2256(8) or any visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

5. Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, other digital data files and web cache information) concerning the receipt, transmission, or possession of child pornography as defined in 18 U.S.C. § 2256(8) or visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

6. Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and other digital data files) concerning communications between individuals about child pornography or the existence of sites on the Internet that contain child pornography or that cater to whose with an interest in child pornography.

7. Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and other digital data files) concerning membership in online groups, clubs, or services that provide or make accessible child pornography to members.

8. Any and all records, documents, invoices and materials, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and other digital data files) that concern any accounts with an Internet Service Provider.

9. Any and all records, documents, invoices and materials, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and other digital data files) that concern online storage or other remote computer storage, including, but not limited to, software used to access such online storage or remote computer storage, user logs or archived data that show connection to such online storage or remote computer storage, and user logins and passwords for such online storage or remote computer storage.

10. Any and all visual depictions of minors.

11. Any and all address books, mailing lists, supplier lists, mailing address labels, and any and all documents and records, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and other digital data files), pertaining to the preparation, purchase, and acquisition of names or lists of names to be used in connection with the purchase, sale, trade, or transmission, through interstate or foreign commerce by any means, including by the United States Mail or by computer, any child pornography as defined in 18 U.S.C. § 2256(8) or any visual depiction of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

12. Any and all documents, records, or correspondence, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and other digital data files), pertaining to occupancy or ownership of the premises described above, including, but not limited to, rental or lease agreements, mortgage documents, rental or lease payments, utility and telephone bills, mail envelopes, or addressed correspondence.

13. Any and all diaries, notebooks, notes, and any other records reflecting personal contact and any other activities with minors visually depicted while engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).